## ANDREW J. DOLBY *vs.* EDWARD E. HEARN.

Sussex County, April Term, 1893.

**Negligence. Fire. Burden of Proof.**—In an action on the case for damage resulting from the spreading of a fire kindled by a person on his own land, negligence on his part must be shown, and the burden of proof is on the plaintiff.

**Negligence. Evidence.**—Positive evidence of negligence is not required; it may be established by circumstantial or presumptive proof.

**Negligence.**—The care, skill and diligence required in the management of a business is in proportion to the danger of the business, and such in all cases as ordinarily prudent men exercise in such management.

**Negligence. Pleading. Case.** In an action on the case to recover damages for injuries to property resulting from negligence, the plaintiff is bound by the description in his narr, of the property damaged, and cannot recover for damages to any other.

**Highways.**—A public road running through and within two tracts of land does not in law make them separate and distinct.

This was an action on the case to recover damages done to the plaintiff's property by fire, which it was alleged originated through the negligence of the defendant. The plaintiff in his declaration described the close or land upon which the injury was done as "contiguous and next adjoining" the land upon which a mill of the defendant was located. Upon that issue was joined.

At the trial it appeared that the plaintiff originally owned but one tract of land called the "home tract," and afterwards purchased another adjoining tract known as the "Fooks tract," which was made a part of the home farm, and used by him. A public road ran through the land. The defendant was in possession of and running a saw mill on the land next to and adjoining the lands of the plaintiff, and in burning slabs at the saw mill fire escaped, ran across and upon the lands of the plaintiff, and burned up and injured the standing timber, peach trees, poles and cord wood on the land of the plaintiff.

LORE, C. J. (charging the jury).

The first question which it is necessary for you to decide is: Did the damages, whatever they were, arise from the negligence of the defendant?

To entitle the plaintiff to recover the jury must be satisfied by a preponderance of the proof that the fire originated through the negligence of the defendant. The burden of such proof is upon the plaintiff. Positive evidence, however, is not necessary; presumptive or circumstantial evidence will be sufficient, if it is so strong as to satisfy the mind of the fact.

The defendant is answerable only for want of due care, skill or diligence in the transaction of his business.

The care, skill or diligence required is always in proportion to the danger of the business, and such in all cases as ordinarily prudent men exercise in the management of such a business.

If you are satisfied from the evidence that the fire originated in the slab pit of the defendant, and ran from thence through the defendant's negligence upon the land of the plaintiff, and thereby did the injury complained of, your verdict should be for the plaintiff for such amount of damages as from the proof you may consider was actually suffered.

In ascertaining this damage you must consider, however, this question: Two pieces of land have been referred to in the proof, viz., the Fooks tract and the home tract. If you should be satisfied from the proof that these were two distinct and unconnected tracts of land, one of which " was contiguous and next adjoining " to the mill land, and the other not so contiguous, and that these two were not at any point connected with each other so as to form one continuous tract, then you can only render a verdict for the damage done to that one of the two tracts that was " contiguous and next adjoining " the mill property. The plaintiff has laid his damages in his narr as done upon land " contiguous and next adjoining " the mill property. He is therefore bound by such description and may recover for no other. In case you should so find, evidence relating to any other close or tract of land should be disregarded by you in making up your verdict.

On this point, however, the plaintiff may recover if the proof satisfies you that the two tracts referred to formed one continuous

close, and in any point were contiguous or next adjoining the mill tract, and were so used and occupied by the plaintiff.

If you are satisfied therefore that the fire was caused by the negligence of the defendant or his servants, your verdict should be for the plaintiff and for the entire damage done to the two tracts referred to in the evidence, if they formed continuous land, at any point were "contiguous and next adjoining" the mill land; but your verdict should only be for the damage done to that tract which was "contiguous and next adjoining" the mill land if the two tracts were entirely separate and apart from each other. A public road running through and within the said tracts would not in law make them separate and distinct, however. If, on the other hand, you believe the fire did not start from the defendant's pit and did not arise from his negligence, your verdict should be for the defendant.

*The defendant had a verdict.*

*C. W. Cullen,* for plaintiff.

*White & Richards,* for defendant.